The Kantrow Law Group, PLLC
*Counsel to Allan B. Mendelsohn, Trustee*
Fred S. Kantrow, Esq.
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
Fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

    TOPPOP LLC,
    d/b/a TOPPOP PACKAGING,

                             Debtor.
------------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of the
Estate of TopPop LLC, d/b/a
TopPop Packaging,

                            ,

                 Plaintiff,

    -against-

PAUL A. RACHMUTH, ESQ.,

                 Defendant.
------------------------------------------------------------X

Chapter 7
Case No. 23-72310-ast

Adv. Pro. No.: 24-

## **COMPLAINT**

Allan B. Mendelsohn, the chapter 7 trustee and plaintiff herein (the "Trustee" and/or the "Plaintiff"), by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his complaint (the "Complaint") against defendant, Paul A. Rachmuth, Esq. ("Rachmuth" and/or the "Defendant") and states as follows:

### **PRELIMINARY STATEMENT**

This is an action by the Trustee to avoid and recover certain amounts transferred to the Defendant within four (4) years prior to the filing of the bankruptcy petition as fraudulent conveyances.

## PARTIES

1. Plaintiff is the chapter 7 trustee of the Estate of TopPop, LLC, d/b/a TopPop Packaging, the debtor (the "Debtor").

2. The Defendant, Paul A. Rachmuth, is an attorney admitted to practice in the State of New York and has an address of 265 Sunrise Highway, Suite 1515, Rockville Centre, New York 11570 pursuant to the New York State Office of Court Administration. Upon information and belief, Rachmuth also has an address 265 Sunrise Highway, Suite 62, Rockville Centre, New York 11570.

## JURISDICTIONAL PREDICATE

3. This adversary proceeding relates to the Debtor's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

4. The statutory predicates for the relief sought herein are: (i) 11 U.S.C. §§ 541, 542, 544, 548, 550 and 551 (the "Bankruptcy Code"); (ii) Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Sections 273 *et seq.* of N.Y. CLS Debt. & Cred. (2019) ("Debtor and Creditor Law").

5. Venue of the Debtor's chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In the event this Court determines that the causes of action, as alleged herein, are not a core proceeding, Plaintiff consents to the entry of final Orders and Judgment by this Court determining such causes of action.

## FACTS

7.     The Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on June 28, 2023 (the "Petition Date").  By Order dated March 20, 2024, the Court converted the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7.

8.     Alan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as the permanent case Trustee.

9.     This chapter 7 bankruptcy case has presented complex and difficult issues for the Trustee.  Numerous issues are being investigated by the Trustee in connection with the administration of the case when it was in chapter 11.  One of the concerns that the Trustee has uncovered is the role of Rachmuth in connection with the Debtor.  It would appear that Rachmuth served as counsel to entities related to the Debtor, to wit: (i) Iconic Brands, Inc. ("Iconic"); (ii) United Spirits, LLC ("United"), (iii) Bellissima, LLC ("Bellissima"); and Bivi, Inc. ("Bivi").

10.    Pursuant to a "revised retainer agreement" (the "Retainer Agreement") entered into by Rachmuth and the entities identified herein, dated April 11, 2023, presumably Rachmuth agreed to represent the entities defined herein.  A copy of the Retainer Agreement is annexed hereto as Exhibit A.

11.    Notably absent from the entities described in the Retainer Agreement is any mention of Rachmuth's representation of the Debtor.  However, upon information and belief, on or about May 23, 2023, just one month prior to the Petition Date, Rachmuth, on behalf of the Debtor, was in communication with Richard DeCicco, the principal of the Debtor, Tom Martin ("Martin") (the subject of investigation by the Trustee) who served in some capacity as an officer of the Debtor, as well as Tom Belton ("Belton") (also the subject of investigation by the Debtor) who also served in some capacity as an officer of the Debtor, regarding a "consent and

subordination agreement" from an entity known as Arena which required the signatures of various TopPop noteholders.

12. The Debtor made no disclosure of its relationship with Rachmuth. It did not disclose any payments made to Rachmuth prior to the Petition Date. It did not disclose whether Rachmuth represented the Debtor prior to the Petition Date.

13. The Trustee obtained an Order pursuant to Rule 2004 of the Bankruptcy Rules to obtain authorization to serve a subpoena for document production on Rachmuth. He failed to provide the documents demanded and has done all that he could to avoid the Trustee.

14. The Trustee has identified, to date, the sum of $15,000 paid by the Debtor to Rachmuth for no consideration and without obligation on the part of the Debtor. However, the Trustee reserves his rights to amend this complaint upon the discovery of additional fraudulent transfers (the "Transfers") made by the Debtor to Rachmuth. Moreover, the Trustee reserves his right to commence additional legal proceedings against Rachmuth if the Trustee discovers that his actions caused additional harm to the bankruptcy estate.

15. The Transfers to or for the benefit of the Defendant, as set forth herein, were made without fair consideration, diminished the value of the bankruptcy estate which came into existence upon the entry of the Order for relief, and conferred zero benefit upon the Debtor.

16. Upon information and belief, on the date of the Transfers, the value of the Debtor's assets was less than the amounts necessary to pay the Debtor's then existing debts as they became due and mature.

17. As of the Petition Date there were actual existing unsecured creditors holding claims allowable under section 502(e) of the Bankruptcy Code, who could have avoided the Transfers under applicable law.

### AS AND FOR A FIRST CAUSE OF ACTION
### UNDER SECTION 548 OF THE BANKRUPTCY CODE

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "17" as if each were more fully set forth herein.

19. To the extent that the claims herein arise under Section 544(b) of the Bankruptcy Code, the Plaintiff is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

20. Upon information and belief, the Transfers were made at a time when the Debtor was insolvent, or they rendered the Debtor insolvent.

21. Upon information and belief, the Debtor did not receive any consideration or fair consideration for the Transfers to the Defendant.

22. Defendant benefitted from the Transfers made by the Debtor.

23. To the extent that a portion of the Transfers made within two (2) years of the date of the entry of the Order for relief, they are avoidable in the amount of $15,000 under section 548 of the Bankruptcy Code.

24. By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment setting aside the Transfers in the amount of $15,000 made by the Debtor to the Defendant and determining that the Transfers are fraudulent conveyances under section 548 of the Bankruptcy Code.

### AS AND FOR A SECOND CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTION 273

25. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as if each were more fully set forth herein.

26. To the extent that the claims herein arise under section 544(b) of the Bankruptcy Code, the Plaintiff is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

27. Upon information and belief, the Transfers were made at a time when the Debtor was insolvent, or they rendered the Debtor insolvent.

28. Upon information and belief, the Debtor did not receive any consideration or fair consideration for the Transfers to the Defendant.

29. Defendant benefitted from the Transfers made by the Debtor.

30. The Transfers made within four (4) years of the date of the entry of the Order for relief are avoidable under section 273 of the New York Debtor & Creditor Law.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTIONS 273 AND 278 AND SECTION 550 OF THE BANKRUPTCY CODE

31. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as if each were more fully set forth herein.

32. Pursuant to New York Debtor & Creditor Law sections 273 and 278 and section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfers that were made and/or the value thereof.

33. The Defendant benefitted from the Debtor's Transfers in the amount of $15,000. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $15,000 pursuant to sections 273 and 278 of the New York Debtor & Creditor Law and section 550 of the Bankruptcy Code.

### AS AND FOR A FOURTH CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTION 275 AND SECTION 544 OF THE BANKRUPTCY CODE

34. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as if each were more fully set forth herein.

35. The Transfers were made without fair consideration when the Debtor intended and believed that it would incur debts beyond his ability to pay them as they became due.

36. The Transfers are avoidable under New York Debtor & Creditor Law section 275 and section 544(b) of the Bankruptcy Code.

37. By virtue of the foregoing, the Plaintiff is entitled to judgment setting aside the Transfers as fraudulent conveyances under New York Debtor & Creditor Law section 275 and section 544(b) of the Bankruptcy Code.

38. By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment setting aside the Transfers made by the Debtor to the Defendant and determining that the Transfers are fraudulent conveyances under section 273 of the New York Debtor & Creditor Law.

### AS AND FOR A FIFTH CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTIONS 275 AND 278 AND
### SECTION 550 OF THE BANKRUPTCY CODE

39. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as if each were more fully set forth herein.

40. Pursuant to New York Debtor & Creditor Law sections 275 and 278 and section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfers that were made and/or the value thereof.

41. The Defendant benefitted from the Debtor's Transfers in the amount of $15,000.

42. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $15,000 pursuant to sections 275 and 278 of the New York Debtor & Creditor Law and section 550(a) of the Bankruptcy Code.

### AS AND FOR A SIXTH CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTION 276 AND
### SECTION 544 OF THE BANKRUPTCY CODE

43. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" as if each were more fully set forth herein.

44. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

45. The Transfers are avoidable under New York Debtor & Creditor Law section 276 and section 544(b) of the Bankruptcy Code.

46. By virtue of the foregoing, the Plaintiff is entitled to judgment setting aside the Transfers as fraudulent conveyances under New York Debtor & Creditor Law section 276 and section 544(b) of the Bankruptcy Code.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### UNDER DEBTOR & CREDITOR LAW SECTIONS 276 & 278
### AND SECTION 550 OF THE BANKRUPTCY CODE

47. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" as if each were more fully set forth herein.

48. Pursuant to New York Debtor & Creditor Law section 278 and section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfers that were made and/or the value thereof.

49. The Defendant benefitted from the Debtor's Transfers to it in the amount of $15,000.

50. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount of $15,000 pursuant to sections 276 and 278 of the New York Debtor and Creditor Law and section 550 of the Bankruptcy Code.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**UNDER DEBTOR & CREDITOR LAW SECTION 276-a**

51.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "50" as if each were more fully set forth herein.

52.     The Plaintiff is entitled to recover attorneys' fees from the Defendant under New York & Debtor Creditor Law section 276-a.

53.     By virtue of the foregoing, the Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to section 276-a of the New York Debtor & Creditor Law.

**AS AND FOR A NINTH CAUSE OF ACTION**
**UNDER SECTION 550 OF THE BANKRUPTCY CODE**

54.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as if each were more fully set forth herein.

55.     Under section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfers that were made and/or the value thereof from the Defendant.

56.     Defendant benefited from the Debtor's Transfers to it in the amount of $15,000.

57.     By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in the amount of $15,000 pursuant to section 550 of the Bankruptcy Code.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendant as set forth herein together with such other and further relief this Honorable Court deems just and proper under the facts and circumstances herein.

Dated:  Smithtown, New York
        September 17, 2024

                                The Kantrow Law Group, PLLC
                                Attorneys for Allan B. Mendelsohn, Plaintiff

        BY:    <u>S/Fred S. Kantrow</u>
                Fred S. Kantrow
                732 Smithtown Bypass, Suite 101
                Smithtown, New York 11787
                516 703 3672
                fkantrow@thekantrowlawgroup.com